UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HSIOU-CHANG LIU,

                    Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                    Defendant.

Docket No.

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff, Hsiou-Chang Liu, by and through her attorneys, The Dweck Law Firm, LLP, complains of the Defendant and respectfully alleges to this Court as follows:

## INTRODUCTION and NATURE OF ACTION

1.    Plaintiff, Hsiou-Chang Liu, ("Liu") was a former employee of Defendant, International Business Machines Corporation ("IBM"). Liu, age 68, worked for Young & Rubicam ("Y & R") in various positions for 40 years, from 1976 through March 2016. In March 2016 Y & R outsourced numerous work to IBM. As part of that outsourcing, Liu, as well as numerous other Y & R employees, were terminated from Y & R and became employees of IBM. As part of the transition, Liu, and upon information and belief many other former Y & R employees, were advised that she would begin her career at IBM with years of service credit towards vacation, disability plans, 401K plans, group medical and severance. Liu was a dedicated and loyal employee who performed well and consistently met or exceeded expectations both while at Y & R and at IBM. In return for Liu's tenure, loyalty, commitment and excellent work, she was advised approximately one year later, in March of 2017, that the

position at IBM was ending and that she was being placed on the "Bench", a term used within

IBM for an employee for whom there is no work. After having looked for and applied for

numerous other positions within IBM, and not receiving one single offer, Liu was terminated by

IBM and offered one month's salary as severance.

2.       Plaintiff now brings these claims to recover damages for discrimination on the

basis of age in the terms, conditions and privileges of her employment under the Age

Discrimination in Employment Act, 29 U.S.C. 621 et. seq. ("ADEA"), the New York Executive

Law § 290, *et seq.* ("NYSHRL") and the New York City Administrative Code § 8-102 et. Seq.

("NYCADC").

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as it

involves claims under a federal statute. This Court also has supplemental jurisdiction pursuant to

28 U.S.C. §1367.

4.       Venue is properly laid in the Southern District of New York, pursuant to 28

U.S.C. §1392(a), because the Southern District of New York is the judicial district within the

state in which a substantial part of the events forming the basis of this lawsuit are alleged to have

been committed.

## PARTIES

5.       At all times hereinafter mentioned, Plaintiff was and still is a citizen of the State

of New York.

6.       Plaintiff is a female, 68 years old and her date of birth is July 19, 1949.

7.       At all times material herein, Plaintiff was an "employee" entitled to protections

within the meaning of the ADEA, the NYSHRL and the NYCADC.

8.     IBM is a New York corporation with multiple offices throughout the United States and around the world and maintains an office within the County, City and State of New York which was responsible for Liu's activities and to which Liu would report when necessary.

9.     IBM is an employer within the meaning of the ADEA.

10.    IBM is an employer within the meaning of the NYSHRL.

11.    IBM is an employer within the meaning of the NYCADC.

## **PREREQUISITES**

12.    Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and has received a Right to Sue.  This action has been commenced within ninety (90) days of the issuance of the Right to Sue Letter.

13.    Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

14.    Before filing the Complaint in this action, Plaintiff caused a copy of it to be served upon the City of New York Commission on Human Rights.

## **BACKGROUND OF PLAINTIFF'S EMPLOYMENT**

15.    Plaintiff commenced her employment with Y & R in 1976 as a programmer/analyst.

16.    Plaintiff maintained various positions from 1976 through 2016 while at Y & R.

17.    The last position held by Plaintiff while employed by Y & R was Director of Programming with the Human Resources Information Service ("HRIS") Department.

18.    In December of 2015, Plaintiff was advised that her position was being outsourced to IBM.

19.     In March 2016, the transition from Y & R was completed and Plaintiff was now an employee of IBM.

20.     During the transition, Plaintiff was advised by IBM that she would begin her career at IBM with years of service credit, from Y & R, towards vacation, disability plans, 401K plans, group medical and severance.

21.     Plaintiff performed the services for her position for IBM from March 2016 through January 2017 in an outstanding manner and met or exceeded all requirements and expectations for the position.

22.     In January 2017, IBM advised Plaintiff that she would be transitioning her job duties to a "PeopleSoft Developer" in India.

23.     In March of 2017, Plaintiff completed the transition to the "PeopleSoft Developer" in India.

24.     As of March 2017, after the completion of the transfer, Plaintiff was placed "On the Bench" by IBM, a term used within IBM when there is no work for an employee.

25.     From February 2017 through the end of 2017, Plaintiff sought out and applied for numerous positions within the IBM Marketplace.

26.     Plaintiff did not receive any offers for any of the positions she applied for.

27.     Plaintiff did not receive any interviews for any of the positions she applied for.

28.     Plaintiff was qualified for each of the positions that she applied for.

29.     Upon information and belief, IBM selected younger individuals for each of the positions that she applied for.

30.     Upon information and belief, Plaintiff's age played a part in IBM's decision not to hire, or even interview Plaintiff for any of the positions that she applied for.

4

31.     In December 2017, Plaintiff was advised that her employment with IBM was being terminated effective December 31, 2017.

32.     Upon information and belief, Plaintiff's age played a part in IBM's decision to terminate her employment.

33.     Upon information and belief, IBM has engaged in a pattern and practice of age discrimination in the hiring and termination of its employees, and more specifically its employees who were transitioned from Y & R to IBM as aforedescribed.

34.     Throughout Plaintiff's tenure with Y & R, she received regular salary increases.

35.     As of December 2017, the time of Plaintiff's termination, her annual salary was $146,000.

36.     During Plaintiff's tenure with Y & R, she also received various other benefits including health insurance, retirement benefits and other company benefits.

37.     At all relevant times Plaintiff was fully qualified for the position(s) which she held and those which she applied for.

38.     At all times during the course of her employment by IBM, and up until the last day of her employment, Plaintiff performed her services competently, faithfully, diligently and in an outstanding manner.

### COUNT I

### DISCRIMINATION UNDER THE ADEA

39.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered 1 through 38 inclusive with the same force and effect as is fully set forth at length herein.

40.     Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age.  By reason thereof, Defendant violated the ADEA.

41.     As a direct and proximate result of the unlawful and discriminatory practices of Defendant as aforedescribed, Plaintiff has become unemployed.

42.     As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic and other damages.

## COUNT II

## AGE DISCRIMINATION UNDER THE NYSHRL

43.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered 1 through 38 inclusive with the same force and effect as is fully set forth at length herein.

44.     Defendant unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age.  By reason thereof, Defendant violated the NYSHRL.

45.     As a direct and proximate result of the unlawful and discriminatory practices of Defendant as aforedescribed, Plaintiff has become unemployed.

46.     As a direct and proximate result of the discriminatory practices of the Defendant, Plaintiff has also sustained significant economic and other damages.

## COUNT III

## AGE DISCRIMINATION UNDER THE NYCADC

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

of the complaint numbered 1 through 38 inclusive with the same force and effect as is fully set

forth at length herein.

48.     Defendant unlawfully discriminated against Plaintiff with respect to the terms and

conditions of her employment because of her age.  By reason thereof, Defendant violated the

NYCADC.

49.     As a direct and proximate result of the unlawful and discriminatory practices of

Defendant as aforedescribed, Plaintiff has become unemployed.

50.     As a direct and proximate result of the discriminatory practices of the Defendant,

Plaintiff has also sustained significant economic and other damages.

**WHEREFORE,** Plaintiff demands the following relief:

A.      A money judgment against Defendant for her damages including, but not

limited to lost wages, lost benefits, other economic damages, and mental distress;

B.      Reinstatement, or, in the alternative, front pay;

C.      Punitive damages under the NYCADC;

D.      Liquidated damages under the ADEA;

E.      An award of attorney's fees as permitted under the ADEA and the

NYCADC;

F.      Prejudgment interest and costs; and

G.      Such further and additional relief as this court deems just and appropriate

under the circumstances.

THE DWECK LAW FIRM LLP

By:_____

      H.P. Sean Dweck (HPSD-4187)
      *Attorneys for Plaintiff*
      10 Rockefeller Plaza
      Suite 1015
      New York, New York 10020
      (212) 687-8200
      hpsdweck@dwecklaw.com